

# The Attorney General of Texas

December 30, 1983

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

J1 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Robert J. Provan
General Counsel
Stephen F. Austin State University
Nacogdoches, Texas    75962

Opinion No. JM-116

Re:    Whether the Gulf Star
Conference is subject to the
Open Meetings and Open Records
Acts

Dear Mr. Provan:

You have informed us that Stephen F. Austin State University and five other universities are "engaged in the organization and establishment of a new intercollegiate athletic conference to be called the Gulf Star Conference." The proposed constitution of this conference states that one of the two general purposes of the conference is:

> [t]o form and maintain among universities of approximately the same size and comparable educational programs an athletic conference, the members of which shall incorporate intercollegiate athletics within their respective educational programs and shall place and maintain such athletics under the same administrative and academic control as that which obtains in their other educational programs.

You have asked whether this conference will be subject to the Open Meetings Act, article 6252-17, V.T.C.S., and to the Open Records Act, article 6252-17a, V.T.C.S.

Both acts apply to "governmental bodies." Section 1(c) of the Open Meetings Act defines a "governmental body" as:

> any board, commission, department, committee, or agency within the executive or legislative department of the state, which is under the direction of one or more elected or appointed members; and every Commissioners Court and city council in the state, and every deliberative body having rule-making or quasi-judicial power and classified as a department, agency, or political subdivision of a county or city; and the board of trustees of every school district, and every

county board of school trustees and county board of education; and the governing board of every special district heretofore or hereafter created by law.

Section 2(1) of the Open Records Act defines a "governmental body" as:

(A) any board, commission, department, committee, institution, agency, or office within the executive or legislative branch of the state government, or which is created by either the executive or legislative branch of the state government, and which is under the direction of one or more elected or appointed members;

(B) the commissioners court of each county and the city council or governing body of each city in the state;

(C) every deliberative body having rulemaking or quasi-judicial power and classified as a department, agency, or political subdivision of a county or city;

(D) the board of trustees of every school district, and every county board of school trustees and county board of education;

(E) the governing board of every special district;

(F) the part, section, or portion of every organization, corporation, commission, committee, institution, or agency which is supported in whole or in part by public funds, or which expends public funds. Public funds as used herein shall mean funds of the State of Texas or any governmental subdivision thereof;

(G) the Judiciary is not included within this definition.

The conference will be a voluntary association of six institutions, three of which are in Louisiana. It is therefore not "within the executive or legislative department of the state." Thus, the only provision in the definition of "governmental body" contained in the Open Meetings Act that could conceivably apply to the conference is inapplicable. We therefore conclude that the proposed conference will not be subject to this act.

On the other hand, we conclude that the conference will be subject to the Open Records Act. You have informed us that each member university will pay an initial membership fee of $20,000 and then will pay $10,000 to the conference each year thereafter. Under section 2(1) of the Open Records Act, "governmental body" includes "the part, section, or portion of every organization . . . which is supported in whole or in part by public funds, or which expends public funds." Two prior Open Records Decisions have construed this provision. Open Records Decision No. 228 (1979) concluded that the North Texas Commission, "a private, nonprofit corporation chartered for the purpose of promoting the interests of the Dallas-Fort Worth metropolitan area," is a "governmental body" under this provision. The decision stated as follows:

> Under a sample contract submitted by the Commission, the City of Fort Worth was obligated to pay the Commission $80,000 a year for three years. The Commission also receives funds from several other units of government . . . [W]e have examined the contract in question here, and we do not believe it imposes a specific and definite obligation on the Commission to provide a measurable amount of service in exchange for a certain amount of money as would be expected in a typical arms-length contract for services between a vendor and purchaser. Specifically, one provision of the contract purports to obligate the Commission to:
>
>> (e) Continue its current successful programs and implement such new and innovative programs as will further its corporate objectives and common City's interests and activities.
>
> Even if all other parts of the contract were found to represent a strictly arms-length transaction, we believe that this provision places the various governmental bodies which have entered into the contract in the position of 'supporting' the operation of the Commission with public funds within the meaning of section 2(1)(F) . . . . We are holding . . . that these records of the North Texas Commission are public under the Open Records Act since it receives funds from serveral public entities and has entered into contracts with these entities which result in at least a portion of the public funds paid to the Commission being used for the general support of the Commission rather than being attributable to specific payment for specific measurable services.

Relying upon Open Records Decision No. 228, Open Records Decision No. 302 (1982) held that the Brazos County Industrial Foundation is also a "governmental body." This decision held that the Foundation was "similar in many respects to the North Texas Commission." In 1980, it received an unrestricted grant of $48,000 from the city of Bryan. The decision stated that:

> Open Records Decision No. 228 (1979) held that the phrase 'supported in whole or in part by public funds' refers to any agreement between a political subdivision and any 'organization, corporation, commission, committee, institution, or agency' which transfers public funds from the political subdivision to such entity, but fails to '[impose] a specific and definite obligation on the [entity] to provide a measurable amount of service in exchange for a certain amount of money as would be expected in a typical arms-length contract for services between a vendor and purchaser.' This agreement failed to provide adequate consideration flowing to the political subdivision, and the public funds passing to such entity, although in the possession of private hands, retained their character as public funds.

We believe that the present situation is virtually identical to the situations with which these two decisions dealt. In our view, the member universities must be deemed to be in the position of "supporting" the athletic conference with public funds, because the funds that they will pay to the conference will be used for its "general support . . . rather than being attributable to specific payment for specific measurable services." Open Records Decision No. 228 (1979). Because the conference will be "supported . . . in part by public funds," it will be a "governmental body" subject to the Open Records Act.

## S U M M A R Y

The proposed Gulf Star Conference will not be subject to the Open Meetings Act, article 6252-17, V.T.C.S., but will be subject to the Open Records Act, article 6252-17a, V.T.C.S.

Very truly yours,

JIM MATTOX
Attorney General of Texas

p. 493

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton